### THOMAS L. SMITH *vs.* CHARLOTTE A. SHERMAN.

After the death of a defendant is suggested on the record, no amendment can be made so as to alter the character of the action, until the appearance of a representative.

An administrator, appointed in another state, on the estate of a person there deceased, may appeal from the decree of a judge of probate in this state, appointing an administrator here.

An action for the breach of a promise of marriage, where no special damage is alleged, does not survive against the administrator of the promisor ; and the party to whom the promise is made is not thereby a creditor of the promisor, to whom administration on his estate may be granted.

The act of 1842, *c.* 89, § 1, which provides that the action of trespass on the case for damage to the person shall survive, extends only to injuries of a physical character, and does not include the damage resulting from the breach of a promise of marriage.

Special damage is that which may be given in evidence to aggravate the damages sued for in an action already pending, or which may be itself a distinct cause of action.

Loss of time, and expenses incurred, in preparations for marriage, are grounds of damage, directly incidental to the breach of a promise of marriage, but not of special damage.

IN this case, which was an appeal from a decree of the judge of probate, the facts are sufficiently stated in the opin ion of the court.

*B. F. Hallett*, for the appellant.

*J. A. Bolles*, for the appellee.

SHAW, C. J. This is an appeal from a decree of the judge of probate, by which, upon the application of the respondent, a female and a minor, John A. Bolles, esquire, was appointed administrator of the goods and estate of John B. Nicolson, described as late of Charlestown, in the county of Middlesex, commodore in the navy of the United States.

This appeal came before one judge of this court, in the first instance, who, finding questions of law only arising in the case, reported it for the consideration of the whole court. From the report, it appears, that Charlotte A. Sherman, who applied for administration on the estate of Commodore Nicolson, had, previously to this decree, in August, 1846, by her next friend, commenced an action against Nicolson, for breach of a promise of marriage, in common form, alleging no special damage. The writ was returnable to the court of common pleas, at the December term, 1846. Several persons were summoned as trustees, who were all afterwards discharged on their respective answers. The officer also returned, that he had left a copy for the defendant with Benjamin F. Hallett, esquire, as his agent and attorney.

The original defendant, who had been residing at the navy yard in Charlestown, as such officer, and who had left that station, his term then having expired, and left the state before the action was commenced, died at Washington, in the district of Columbia, before the writ was returnable, and no appearance was entered for him. Afterwards, and before the application to the probate court, in this county, for the appointment of an administrator, letters of administration had

Smith *v.* Sherman.

been duly granted, first in the district of Columbia, to the appellant, the said Smith, and subsequently to one Johnson, in the state of Virginia, the place of the domicil of the deceased.

Under these circumstances, a question arises, whether such a service was made on the original writ as would have given the court jurisdiction of the parties and of the subject matter, had the defendant survived, he not being an inhabitant of the state at the time, and not having been domiciled in the state, unless such domicil was acquired by him, whilst residing as navy officer, in pursuance of orders and of his duty as such officer on a territory, within the jurisdiction of the United States; and no effectual attachment of property having been made. But as we do not decide the case on that ground, it is unnecessary further to consider it.

This action having been commenced before the decease of the defendant, it was afterwards entered and continued from term to term in the court of common pleas, upon a suggestion of his death, without further action. It is stated, that at the March term, 1847, an amended declaration was filed; but as this was after the defendant was dead, and his death suggested on the record, no amendment could be made, so as to alter the character of the action, until the appearance of a representative. The court of common pleas at the February term, 1848, declined to dismiss the action on motion, because it was not moved, but on the contrary resisted, by the plaintiff; and there was *no party competent to appear* and make the motion, in behalf of the defendant.

On the 15th of February, 1848, the petition was filed in the probate court, which is the foundation of the decree appealed from in this case. The petition was presented by Charlotte A. Sherman, *describing* herself as of Charlestown, spinster, representing that she had a large demand upon the estate of the late John B. Nicolson, commodore, deceased; that he died in the district of Columbia, in 1846, leaving property in Charlestown; that he died intestate, and that no person in Massachusetts had yet been appointed administrator on his property, and praying the judge of probate to appoint

her, or some other suitable person, administrator upon the deceased intestate's estate.

Notice having been issued to the heirs and next of kin of the deceased, a decree was passed, on the 25th of April, 1848, reciting the application and notice, by which John A. Bolles, esquire, was appointed administrator. From this decree Thomas L. Smith, appointed administrator in the district of Columbia as aforesaid, took an appeal.

The first question is, whether Smith is a person entitled to appeal. The language of the statute is very broad: " Any person aggrieved at any order, sentence, decree, or denial of the judge of probate, &c., may appeal." Rev. Sts. *c.* 70, § 36.

A party is held by law to be aggrieved, whose rights and interests are necessarily affected by the decree. *Smith* v. *Bradstreet*, 16 Pick. 264. And this is equally true, whether the rights to be affected are those which the party has in a personal or representative capacity.

It appears by the facts, that Smith is the principal administrator; that is, that he has been appointed administrator, under the authority of the government of the district of Columbia, where the intestate deceased, being described as late of Washington, in the district of Columbia, and that an administration here would be in its nature ancillary. *Dawes* v. *Boylston,* 9 Mass. 337 ; *Stevens* v. *Gaylord,* 11 Mass. 256; *Jennison* v. *Hapgood,* 10 Pick. 77 ; *Fay* v. *Haven,* 3 Met. 109.

The principal administrator, therefore, or administrator appointed in the place of the intestate's late domicil, is the representative of the general creditors, next of kin and heirs; as such he has an interest in defending their rights, and in preventing the expenses which would be incurred by an unnecessary administration, which must fall upon the estate, and ultimately on the principal administrator, in his representative capacity ; and this gives him such an interest in the question as will warrant him in resisting it.

If there be no person standing in the relation of creditor, in this state, having a demand against the estate, it is for the heirs or next of kin of the intestate, or the principal administrator representing them, to decide, whether it is for their

interest to have such administration granted. He therefore has a right of appeal.

This brings us to the question, the principal question in the case, whether the applicant for this administration, Charlotte A. Sherman, had such a suit pending, upon a cause of action, which by law survives, or such a demand in nature of a debt, that as a creditor she was entitled to administration in order to enable her to pursue her just rights.

By the general law, when a person, dying in another state or country, shall leave any estate to. be administered within this state, administration thereof shall be granted, &c.; and if the next of kin do not take administration, the judge of probate may commit it to one or more of the principal creditors. Rev. Sts. *c.* 64, § 3. According to the liberal construction given to this statute, one is a creditor within the meaning of it, who has a cause of action against the deceased which by law survives. *Mitchell* v. *Lunt,* 4 Mass. 654; *Royce* v. *Burrell,* 12 Mass. 395. But it is otherwise, if the cause of action does not survive. *Stebbins* v. *Palmer,* 1 Pick. 71. Tested by this rule, it seems to us clear, that the action commenced by the plaintiff, in the lifetime of the deceased, for breach of promise of marriage, is not one the cause of which does survive.

The point was settled upon great consideration in this state, that an action for breach of promise of marriage, where no special damage is alleged, does not survive against the administrator of the promisor. *Stebbins* v. *Palmer,* 1 Pick. 71. And in the same case, it was held, that where no administration had been granted, a decree of the judge of probate, on the application of a person having such a claim against a deceased person, granting administration to a third person, to enable her to prosecute it, was erroneous, and it was reversed on appeal.

The grounds and authorities are so fully stated in the case, that it seems unnecessary to review them. The decision proceeds upon the ground, that whether a cause of action survives or not, does not mainly depend on the form of remedy, as on a tort or contract; but rather whether the damage

is purely personal, not affecting real or personal property, and that a failure to marry one according to promise is of the latter character.

The more recent statute of 1842, *c.* 89, § 1, was cited. It provides that the action of trespass on the case for damage to the person shall survive. This manifestly extends only to damage of a physical character, as by negligence of carriers, towns, or the like. If the term "person" were used in. a broader sense, it would extend to slander and every other possible case of tort, which could not be intended. Most cases had before been provided for, affecting damage to real and personal property, and wilful injuries to the person, as of assault and battery, and imprisonment. Rev. Sts. *c.* 93, §§ 7, 8, 9.*

We think, therefore, that the case is not affected by the statute of 1842, *c.* 89, § 1, and that it must be governed by the case of *Stebbins* v. *Palmer* above cited. This is strongly confirmed by a case, in which the proposition was held, that such an action will not lie, by the administrator of a deceased person, for breach of promise of marriage. *Chamberlain* v. *Williamson*, 2 M. & S. 408; *Lattimore* v. *Simmons*, 13 S. & R. 183.

These authorities speak of cases where no special damage is alleged. The precise extent of this qualification is not explained; the most natural supposition is, that it must be some damage of such a character, that it might be given in evidence, to aggravate the damages, in one action, or be itself the substantive cause of action, as in the case of trespass *quare clausum*, and carrying away plaintiff's goods; the carrying away the goods may be a ground of special damage, or be the cause of a separate action. In this view, all the damage directly incidental to the complaint, the breach of promise, if the principal action falls, must fall with it. In looking at the specification of claims,† set forth by the attorney of the applicant, we can perceive no one which

---

\* As to what is damage to property, see *Read* v. *Hatch*, 19 Pick. 47.

† The following is a copy of the specification referred to : —

" In compliance with the order of this honorable court, said petitioner and

would be a substantive cause of action. The time lost, and the expenses incurred, in preparation for the marriage, might have been properly specified in making up the aggregate of damage, had the writ been prosecuted, and the case proved; but they would have been strictly incidental. Therefore, if the principal action for breach of promise of marriage could not be maintained, these damages could not be recovered in any form, and a separate action for them would not lie.

*Decree appointing an administrator on the estate of John B. Nicolson reversed.*

---

appellee files the following statement of her claim on the estate of J. B. Nicolson, deceased : —

1. She claims $480 promised to her by the deceased, as the estimated cost of two years' instruction, in consideration of her contracting an engagement of marriage with him.

2. She claims the amount by her, at his request, expended in the usual preparations to be married, in Providence, and the extraordinary expense by her incurred, at his request, to take her father, mother, and uncle to Providence, as guests at the wedding.

3. She claims the amount of expense incurred by her, in twice sending messengers to said deceased at Washington, at his request, to arrange the time &c., of the wedding.

4. She claims for eight entire months of her time, from December, 1845, to August, 1846, devoted, at his request, entirely to preparations for her expected marriage.

These *several items the appellee supposes to be just matters of claim* under and by virtue of the said Nicolson's promises to her, made upon good, valuable and sufficient considerations, as herein stated."