80  162
85  339

---

ALICE BROWN *vs.* WILLARD W. TUTTLE.

Androscoggin.    Opinion February 6, 1888.

*Husband and wife.    Persons living as such without marriage.*

A man and woman mutually agreed to live together as husband and wife without being married. They lived together in that unlawful relation for about thirteen years, when the man married another woman. The woman

then brought suit for services rendered in keeping house in that relation, and for money which was delivered to the defendant to be used towards paying their family expenses to enable them to continue to live together as they had agreed to do. No express promise was made by the defendant to pay the plaintiff for her services or to repay the money. The plaintiff did not expect pay. *Held*, Upon these facts the law will not imply a promise.

ON report.

The opinion states the case.

*W. W. Bolster*, for plaintiff.

"If one accepts or knowingly avails himself of the benefit of services done for him without his authority or request, he is held to pay a reasonable compensation therefor." *Abbott* v. *Hermon*, 7 Maine, 118, 121.

It is claimed that the evidence is sufficient in this case to prove a previous request, either express or implied. 2 Green. on Ev. § 108; *True* v. *McGilvery*, 43 Maine, 485.

There must be a communion of profit to constitute a partnership, as between the parties. The communion of profit and loss is the true test of partnership. *Banchor* v. *Cilley*, 38 Maine, 553; *Knowlton* v. *Reed, Id.* 250.

"Every partnership is founded in a community of interest, but every community of interest does not constitute a partnership." Story on Part. § 3.

2 Chitty on Contracts, 11th Amer. ed. p. 973, says, "Where the consideration is tainted by no illegality and some of the promises only are illegal, the illegality of these does not communicate itself to, or taint the others, except when owing to some peculiarity in the contract, its parts are inseparable." Also see same Vol. p. 1001; Bishop on Contracts, § 471.

A promise of marriage is a consideration of the highest order, that is to say, a valuable consideration. 2 Blackstone, Com. * 297 and * 444.

A woman can maintain an action for breach of promise of marriage even when guilty of fornification induced thereby. Cooley on Torts, 510; see also *Carleton* v. *Woods*, 28 N. H. 290; *Robinson* v. *Green*, 3 Met. 159; 2 Chitty on Cont. 11th Amer. ed. 973, 1001; 1 Addison on Cont. p. 422, § § 285, 289, 299.

*Frank L. Noble*, for defendant, cited: 1 Chitty, Contr. 11 Am. Ed. 89; *Concord* v. *Rumney*, 45 N. H. 428; *Withee* v. *Brooks*, 65 Maine, 18; *White* v. *Franklin Bank*, 22 Pick. 186; 2 Chitty, Contr. 11 Am. ed. 472; *White* v. *Buss*, 3 Cush. 449.

LIBBEY, J. This action is brought to recover for the plaintiff's labor for the defendant, and money loaned to him at various times between the first of January, 1871, and May, 1884. The case comes here on the testimony of the plaintiff alone, from which it appears that in January, 1871, she and the defendant, by mutual agreement, commenced living together as husband and wife, without being lawfully married; and continued to live in that relation till May, 1884, when the defendant left her and married another woman. During all the time they lived together they held themselves out to their relatives, friends and the public, as husband and wife. As the fruit of their unlawful union, they had a son born to them in the early part of 1872. All the services rendered by the plaintiff were rendered in keeping house as the defendant's wife, and not as his servant. Nothing was said about pay. No pay was expected by the plaintiff. She says, "we agreed to keep house as man and wife;" "as man and wife that were lawfully married." They both labored, and their earnings were used to pay their family expenses. She says, "The money that I turned in was used to pay bills. The money that he earned was turned in; when I wanted a dollar I had it. He always had the money. If I wanted it I always asked him for it."

Question. "You did not consider this money loaned?"

Answer. "No, sir; it was turned in just as if I had been his wife."

Question. "At that time, did you have any expectation of receiving any money?"

Answer. "Nothing only this way: I expected to spend my days with him, no other way."

The only contention is whether upon these facts the law will imply a promise to pay for the labor performed by the plaintiff,

or for the money she earned and delivered to the defendant for the purposes stated by her.

The parties were living together in violation of the principles of morality and chastity as well as of the positive law of the state; a relation to which the court can lend no sanction. The services rendered, as well as the money furnished, were in furtherance, and for the continuation of that unlawful relation. The law will imply no promise to pay for either. If there had been an express promise for such a purpose, the court would not enforce it. *White* v. *Buss*, 3 Cush. 448; *Gilmore* v. *Woodcock*, 69 Maine, 118.

But the evidence repels any idea of a promise, either express or implied.

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.