WILLIAM M. GILLETTE, ADMINISTRATOR, APPEAL FROM THE
DOINGS OF COMMISSIONERS.

Third Judicial District, Bridgeport, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

It is the duty of an executor or administrator to oppose unfounded
claims presented against the estate of his decedent, and therefore
a motion for an appeal by him as such executor or administrator,
from the allowance by commissioners of a claim which he believes
to be unjust, sufficiently sets forth his interest in the cause.

The law will not imply a promise to pay for services which are rendered
and received without any thought or expectation upon the part
of either party that they were to be paid for; and this is especially
true where it is apparent that ample compensation therefor has
already been made by the recipient in his will.

The facts in the present case reviewed and *held* to have warranted the
conclusion of the trial court, that neither the claimant nor the de-
cedent expected payment to be made for the services rendered by
the former.

Submitted on briefs October 26th—decided December 17th, 1909.

APPEAL from the allowance of a claim against the estate
of Amos Hills of Southbury, deceased, for nursing, care and
attendance, taken by his administrator to and tried by the
Superior Court in New Haven County, *Bennett, J.;* facts
found and judgment rendered disallowing the claim, from
which the claimant appealed to this court. *No error.*

*Terrence F. Carmody,* for the appellant (claimant).

*Ulysses G. Church,* for the appellee (estate of Hills).

*Charles F. Thumm,* with whom was *Rudolph Dugan,* of
New York, for heirs of Chauncey Hills, deceased.

RORABACK, J. The first reason of appeal is that the
court erred in the denial of a motion to erase the appeal

from the docket. General Statutes, § 409, allows an appeal, by any person aggrieved, from the doings of the commissioners on an insolvent estate; and § 410 provides that in such appeals the interest of the appellant shall be stated in the motion for appeal, unless it appears on the face of the proceedings or records of the Court of Probate.

In taking this appeal, the appellant's interest in the estate appeared as that of administrator. "An executor, administrator, or trustee of an express trust, may sue or be sued, without joining the persons represented by him and beneficially interested in the suit." General Statutes, § 620. As administrator, Gillette represented the parties interested in the estate, and it was his duty to resist unfounded claims against the fund in his hands. In taking the appeal he followed the recognized practice for executors, administrators, and trustees in insolvency, in appealing from the doings of commissioners of insolvent estates. The motion to erase was properly denied.

Amos Hills died October 10th, 1906, leaving a will, in which he bequeathed $3,000 and all his household furniture to Margaret Brown, who, during the six years prior to September 5th, 1902, had lived with him and his wife, serving as housekeeper and nurse. About September 5th, 1902, after the death of Mrs. Hills, Miss Brown was obliged to leave the employ of Mr. Hills to do housework for her father. From September 5th, 1902, until the spring of 1905, Hills lived with a sister of Miss Brown. In the spring of 1905 Hills went to board with Miss Brown and her father, under an agreement to pay the latter the sum of $5 per week, which amount Mr. Hills did pay up to the time of his death. From the spring of 1905 until the time of Hills' death in October, 1906, Miss Brown continued as housekeeper for her father, and performed services for Hills similar to those performed by her while employed as his housekeeper. During this time Hills was in ill health, and grew more feeble as time went on. He required constant watch-

ing, and more or less care and attention. This care and attention was given him by Miss Brown, and is the subject-matter of this controversy.

Several times during the six years prior to September 5th, 1902, Hills stated to Miss Brown that he had made a will in which he had given her a certain house and lot; that he appreciated her care of him and his wife, and would not forget it; that money could not pay her; that he never could do enough for her, and that he wanted her to take care of him always. The will was executed on the 19th day of September, 1902, and it appears from it that Hills did not leave the house and lot to Miss Brown, but bequeathed to her $3,000 and his household furniture. After his death this house and lot was sold by his administrator for $4,200.

Mr. Hills never paid Miss Brown, nor expected to pay anything for these services. Miss Brown performed such services without any expectation on her part of payment or reward, and kept no account of and made no charge for her services. She had no thought or intention of receiving payment or reward for said services, until after the death of Hills and the contents of his will became known to her. She never said anything to Mr. Hills during his life about expecting pay for her care of him, and Hills said nothing to Miss Brown about expecting to pay her for such services.

Paragraphs two, three and four of the reasons of appeal raise one general question: Whether, under the facts found, the court erred in holding that Miss Brown was not entitled to compensation for the value of her services.

There was no express promise to pay for the services said to have been rendered by Miss Brown, but it is claimed that from the facts found the law will imply a promise to, pay what they are reasonably worth. All true contracts grow out of the intention of the parties to the transaction in question, and if it satisfactorily appears from the situation, conduct, and mutual relation of the parties, that the services were rendered without expectation of payment at the

time, no promise to pay will afterward be implied, though a new exigency may arise from the changed relations of the parties. Bishop on Contracts (2d Ed.) §§ 219, 220; Metcalf on Contracts, 4; *Brown* v. *Tuttle*, 80 Me. 162, 13 Atl. 583; *Potter* v. *Carpenter*, 76 N. Y. 157; 2 Woerner on Amer. Law of Administration, *pp. 822, 823. The trial court has found that Mr. Hills never expected to pay anything for these services, and that Miss Brown had no thought or intention of receiving payment for her labor until after the death of Mr. Hills. If these conclusions stand, it is apparent that the judgment of the court below adverse to the claimant was warranted. The claimant, however, insists that these conclusions are not justified from the facts found.

It appears that these services were rendered when Mr. Hills was a member of Miss Brown's family, under an agreement which he and her father had made, in which Hills was to pay $5 a week for his board. Miss Brown kept no account of and made no charge for her services. She never said to the decedent that she expected to be paid for her care of him. Hills never intimated that he expected to compensate the claimant for the services now in controversy. The statements he made as to compensation and a will, were a long time before the services in question were rendered, and while Miss Brown was in his employ as housekeeper. Afterward she left his employ, and a period of two years elapsed before he came to board with the father. A will was made in which Mr. Hills gave the claimant $3,000, which has been paid to her. It does not appear, and the claim is not made, that $3,000 is not more than sufficient to pay for all the services that Miss Brown ever rendered for the deceased. These facts all tend to show that the claimant only expected to be remembered in the will, and did not expect to make Mr. Hills her debtor for her labor. The facts found sustain the conclusion of the trial court that there was no expectation on either side that compensation was to be made for these services.

Justice does not require that a contract to pay should be implied where it is apparent that ample compensation has already been made by will, and when it is obvious that there was no expectation of payment by either party.

There is no error.

In this opinion the other judges concurred.