CLITUS H. KING, ADMINISTRATOR, APPEAL FROM
PROBATE.

Third Judicial District, New Haven, June Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Under its statutory power to grant administration on estates of deceased
persons, a Court of Probate has no jurisdiction to appoint an ad-
ministrator upon the estate of an absentee unheard of for seven
years and who is, therefore, at common law, presumptively dead.
It is, however, competent for the State to grant such jurisdiction,
if provision is made for giving proper notice of the proceeding and
adequate safeguards are prescribed to protect the absentee's in-
terest in case of his reappearance.
Our statute (§ 319) conferring this jurisdiction imposes the necessary
safeguards, and requires (§ 301) public or personal notice, or both,
as the court may deem best, to be given before any action is taken.
Without a full presentation of all the facts this court cannot say that a
three days' notice given by publication once in a local newspaper
may not be a proper notice, especially if the absentee has not been
heard of for twenty-seven years and has apparently abandoned his
property in this State.
An administrator upon the estate of such an absentee is not, as such,
aggrieved by an order of court directing a distribution of the prop-
erty; and therefore cannot appeal and attack the validity of the
order upon the theory that the Court of Probate had no jurisdic-
tion to appoint an administrator.

Submitted on briefs June 2d—decided July 13th, 1914.

APPEAL from an order and decree of the Court of
Probate for the district of Bridgeport directing the dis-
tribution of the estate of an absentee unheard of for
twenty-seven years and presumed to be dead, taken
by the administrator of said estate to the Superior
Court in Fairfield County and reserved by that court,
*Tuttle, J.,* upon an agreed statement of facts, for the
advice of this court. *Superior Court advised to erase
the cause from its docket.*

*Edward P. Nobbs* and *John P. Gray,* for the appellant,
King, administrator.

*Paul L. Miller*, for the appellees, the distributees of the estate.

THAYER, J. The appellant appeals in his capacity as administrator of the estate of William E. Gedney, who, as the agreed statement of facts shows, left his home in Trumbull about twenty-seven years ago for parts unknown and has not been heard of since. At the time of his departure he was unmarried, and was then the owner of an undivided interest in certain land in Trumbull, and of a deposit in a savings-bank. On June 27th, 1913, his two brothers, and the widow and children of a deceased brother, made application for the appointment of an administrator upon his estate, representing to the court in their petition the facts as to his absence, unheard of, for more than seven years. The Court of Probate, after notice by publication as ordered by it once in a Bridgeport newspaper, heard the application on July 1st, 1913, the day appointed for the hearing in the notice, granted the petition, and appointed the appellant administrator of Gedney's estate. He qualified by giving bond, and proceeded with the settlement of the estate, procuring, as part of the administration, an order to sell the real estate, and on January 30th, 1914, after notice and hearing, the Court of Probate approved his administration account. On the same day it ascertained the heirs at law and distributees of said Gedney, and made the order which is now appealed from, which, in substance, ordered and directed the appellant, as administrator, to pay and deliver to each distributee his share of the estate upon his giving bond, with surety, conditioned for the return of the amount thereof, with interest thereon, to the presumed decedent, if he reappear, and upon failure of either distributee to give such bond to hold such distributee's share of the property for five years and until further order of the court.

No exception is taken in the reasons of appeal to the form or substance of this order, the only reasons of appeal being: (1) that the Court of Probate had no jurisdiction over Gedney's estate, because the statute which purports to give to courts of probate jurisdiction over absentee's estates does not provide for adequate notice to the absentee, and therefore is unconstitutional; and (2) that, if the statute provides for a sufficient notice, such notice was not in fact given.

That a Court of Probate, under its statutory power to grant administration on the estates of deceased persons, has no jurisdiction to grant administration binding upon him, on the estate of an absentee unheard of for seven years and so, at common law, presumptively dead, is well established. *Scott* v. *McNeal*, 154 U. S. 34, 43, 14 Sup. Ct. Rep. 1108, and cases cited. It is equally well settled that the State may give to these courts the power to regulate and administer the estates of absentees, so presumptively dead, if provision is made for giving proper notice of the proceeding, and adequate safeguards are provided to protect the absentee's interest in case of his reappearance. *Cunnius* v. *Reading School District*, 198 U. S. 458, 471, 477, 25 Sup. Ct. Rep. 721, and cases cited. General Statutes, § 319, gives to courts of probate this jurisdiction, and safeguards the property of the absentee against his return. The notice, which § 301 calls for, is left to the discretion of the court, but obviously the statute requires that proper notice shall be given. Different cases might call for different notices, in order that the latter should be proper notice. If an absentee, when last heard from, had been living for some years in a designated locality, and could, if living, probably be reached by a notice personally directed to him there, such notice, or a public notice published in that locality, might be required to satisfy the call for a proper notice.

When the absentee has gone to parts unknown, and been absent for a great many years under circumstances which make the presumption of death conclusive, a different notice might satisfy the call of the statute for a proper notice.

In the present case the notice given was very short, and the finding gives no facts except that the absence had been long—twenty-seven years—with no notice of his whereabouts, and an apparent abandonment of his property in this State. It is not claimed that he is now alive. What his age was when he absented himself does not appear. If he was then above seventy years of age, there is little probability that any notice would have been better than the one given. The presumption of death in that case would be so conclusive that any notice would be a practical compliance with the statute. We cannot say, therefore, from the facts before us, that the notice which was given was not a proper notice.

But we have no occasion to inquire whether it was or not, for we have before us no one who in this proceeding is entitled to question it. If, as the appellant claims, the notice was not a proper one, and the order taking jurisdiction of the estate and appointing him administrator was void, then he is not administrator and has no standing in court. As his appeal is taken solely as he is administrator, he is not, as such, aggrieved by the order. If the notice was proper, the Court of Probate is rightfully exercising jurisdiction over the estate; and as no complaint is made by the appellant as to the form or substance of the order, he is not aggrieved thereby.

The Superior Court is advised to erase the cause from its docket.

In this opinion the other judges concurred.