HARLEY H. AVERY, ADMINISTRATOR'S APPEAL FROM PROBATE (ESTATE OF ELLEN S. STARR).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 7th—decided July 18th, 1933.

*George E. Beers* and *William L. Beers,* for the appellant.

*Wallace W. Brown,* for the appellee.

HINMAN, J. On January 5th, 1932, the Court of Probate for the district of East Hampton approved, allowed, and admitted to probate an instrument as the last will and testament of Ellen S. Starr, and, under § 4900 of the General Statutes, revoked the appointment, previously made, of Harley H. Avery as administrator of the estate. Thereupon he brought an appeal based upon § 4990 of the General Statutes which allows "any person aggrieved by any order, denial or decree of a Court of Probate in any matter, unless otherwise specially provided by law," to appeal therefrom to the Superior Court. Henry S. Starr filed and the court granted a motion that the appeal be erased from the docket on the ground that the appellant had no interest in the decrees appealed from which rendered him aggrieved by them within the meaning of the statute. As the appeal is taken as administrator of the estate of the decedent, the appellant was not required to set forth his interest further (*Gillette's Appeal,* 82 Conn. 500, 501, 74 Atl. 762) and since his claimed interest thus sufficiently appears on the record no proof is required, and a motion to erase was the appropriate remedy. *Murphy* v. *Elms Hotel,* 104 Conn. 351, 354, 133 Atl. 106.

The issue presented by the appeal to this court is whether a person removed as administrator because of the admission to probate of an instrument found by the Court of Probate to be the last will and testament of the deceased is "aggrieved" within § 4990 by the decrees admitting the will to probate and revoking his appointment as administrator. One who has a pecuniary interest which the decree affects injuriously is within the statute. *Woodbury's Appeal,* 70 Conn. 455, 456, 39 Atl. 791; *Norton's Appeal,* 46 Conn. 527; *Dickerson's Appeal,* 55 Conn. 223, 10 Atl. 194. Also, one who acts in a representative capacity by which he

is charged with certain duties, such as caring for and managing an estate and protecting it against unjust claims in the interest of all concerned, is clothed with power to perform them, and, in appropriate instances, is held to have such an interest as entitles him to appeal from probate decrees. *Woodbury's Appeal, supra,* p. 457. For example, *Hewitt's Appeal,* 58 Conn. 223, 20 Atl. 453, recognizes the right of an executor to appeal from a decree authorizing a transfer of a portion of the estate in his hands to a foreign trustee. In *Gillette's Appeal,* 82 Conn. 500, 501, 74 Atl. 762, it was held that the administrator might appeal from the allowance by commissioners of a claim against the estate. "As administrator, Gillette represented the parties interested in the estate, and it was his duty to resist unfounded claims against the funds in his hands." In *Davis' Appeal,* 39 Conn. 395, and *Lockwood* v. *Reynolds,* 16 Conn. 303, the right, therein exercised, of an administrator to appeal from decrees extending the time for presenting claims against the estate was not questioned. On the other hand, *Woodbury's Appeal, supra,* held it to be no part of the duty of a trustee in insolvency to appeal from refusal of the Court of Probate to grant his application for an extension of time for presentation of claims, observing that in appeals from orders extending the limitation the trustee acts in the interest of the debtor and of all the creditors whose standing as such has been established, but a further claimant has ample power to protect his own rights including the securing of extension of time to present his claim, "and we see no good reason why he should call upon the trustee to do this for him at the expense of others" (p. 459).

It is also the duty of the executor named in a will to present it for probate and endeavor to procure its admission, and this includes a right of appeal from a

decision of the Court of Probate refusing to admit it; however, it is no part of his duty to attack or take ground against its validity. *Belfield* v. *Booth,* 63 Conn. 299, 309, 27 Atl. 585; Cleaveland, Hewitt & Clark, Probate Law and Practice, p. 483. Cases in other States which are relied on by the appellant go no further in principle. *Marshall's Executor* v. *Pogue,* 226 Ky. 767, 769, 11 S. W. (2d) 918, sustained the right of executors named in a will to defend its validity as against an instrument claimed to be a subsequent will. To the same effect is *In re Greeley's Will,* 15 Abb. Pr. N. S. (N. Y.) 393. *In re Bernheim's Estate,* 82 Mont. 198, 266 Pac. 378, upholds the right of an executor to defend an action brought to revoke the probate of the will and have it declared void. See also 3 Woerner, Administration (3d Ed.) p. 1856. In *Connelly* v. *Sullivan,* 50 Ill. App. 627, Sullivan was named as executor in a will admitted to probate. Subsequently an instrument of later date was accepted and Sullivan appealed from the latter decision. Although the motion to dismiss his appeal was denied on the tenuous ground of "communis opinio" in that two prior similar appeals had been considered on their merits without the right of appeal being questioned, the court said that as under the first will Sullivan was not entitled to any part of the estate, having only a naked power to administer and distribute it, it would seem very doubtful if he was a "person interested" and as such entitled to appeal.

The foregoing decisions fairly illustrate the extent and the limitations of the right here involved. It is to be observed that persons as to whom a right of appeal is recognized are those who are acting in a fiduciary or representative capacity under a subsisting appointment which has not been terminated, by revocation or otherwise, and who therefore are under pres-

ent duty to protect the estate from diversion. *Smith* v. *Sherman,* 58 Mass. 408. In the present instance the appellant had been displaced as administrator by a decree, revoking his appointment, which was not suspended or vacated by the appeal from it but remains in full force and effect unless and until the appellate court determines otherwise. *Livingston's Appeal,* 63 Conn. 68, 75, 27 Atl. 470; *Hennessy* v. *Denihan,* 110 Conn. 647, 649, 149 Atl. 250; Cleaveland, Hewitt & Clark, *supra,* p. 116. In *King's Appeal,* 88 Conn. 423, 91 Atl. 267, in which an administrator appealed from an order of distribution on the ground that the Court of Probate had no jurisdiction over the estate, it was said (p. 426): "If, as the appellant claims, . . . the order taking jurisdiction of the estate and appointing him as administrator was void, then he is not administrator and has no standing in court." *Reid* v. *Lord,* 102 Conn. 365, 128 Atl. 521, was an appeal by a daughter from refusal of probate of an instrument alleged to be the will of her father. The administrator of his estate, previously appointed and qualified, was made the defendant and consequently had a right of appeal to this court from a verdict and judgment in the Superior Court sustaining the appeal, as he continued as such administrator until final affirmance of the judgment establishing the validity of the will.

*Cairns* v. *Donahey,* 59 Wash. 130, 109 Pac. 334, is significantly similar to the instant case. An order had been passed by the Court of Probate admitting a will and revoking letters of administration previously granted. The party who had been thus superseded as administrator by the executor under the will was held not to be entitled to appeal from the order, the court saying (p. 133): "We fail to understand how the administrator has any interest in the subject-matter of this appeal, or how he is injuriously affected by the

final order entered. He has no interest in the estate other than for compensation that may be due him." So, here, while Avery might be held to be so interested and aggrieved as to give him standing as appellant from an order fixing his compensation for services up to the time of the revocation of his appointment as administrator or affecting the validity of his acts as such and which might involve personal liability therefor, this would not be true as to deprivation of future compensation as administrator.

However, this appeal is taken in a representative capacity only and we cannot recognize any duty and right in the appellant to contend, by appeal, against the will, on behalf of heirs who so far as appears were quite capable and competent to protect themselves had their interests dictated such a course. The trial court was correct in holding that Avery, having been removed as administrator, has no interest which entitles him to bring this appeal, and in granting the motion to erase it.

There is no error.

In this opinion the other judges concurred.