HARTFORD NATIONAL BANK AND TRUST CO., AND ROBERT DAY HASTINGS, TRUSTEES, AP-PEAL FROM PROBATE (Estate of Harriet Day Hansel)

Superior Court  .  Hartford County  File No. 65523

MEMORANDUM FILED NOVEMBER 5, 1941.

*Gross, Hyde & Williams,* and *Cohen & Cohen,* of Hartford, for the Appellees.

*William M. Harney,* and *John Buckley,* of Hartford, for the Appellant.

BALDWIN, J.   The Hartford National Bank and Trust Company and Robert Day Hastings were removed as trustees of a trust created under the will of Harriet Day Hansel by a decree of the Probate Court of the District of Hartford on the 29th day of April, 1941, in which decree a successor trustee was appointed. From this decree of removal the parties removed have appealed. This appeal is taken in their individual capacities, although in paragraph one of their appeal

they allege that "They, The Hartford National Bank and Trust Company...., and Robert Day Hastings...., are Trustees under a trust created under the will of Harriet Day Hansel."

In paragraph three of the appeal they allege that "The subscribers are aggrieved by said order and decree of this court." Since these appellants have appealed in their individual capacities this allegation must mean that as individuals they are aggrieved—not as trustees are they aggrieved.

Section 4962 of the General Statutes, Revision of 1930, provides: "When any executor or administrator or any other person acting in a fiduciary capacity shall become incapable of executing his trust, or neglect to perform the duties thereof, or waste the estate in his charge, the court of probate having jurisdiction may remove him...." And section 4990 of the General Statutes, Revision of 1930, provides: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court in the county where such court of probate is held, but he shall give bond", etc.

Concerning the former of these two sections, parts of which are quoted, in *Carroll vs. Arnold*, 107 Conn. 535, at pages 541 and 542, the court said: "The statute, General Statutes, §5035 [now §4962], authorizes a Court of Probate to remove any person acting in a fiduciary capacity who has become incapable of executing his trust, or neglects to perform the duties thereof, or has wasted the estate in his charge. Whether or not an administrator should be removed is a question addressed to the sound discretion of the Court of Probate, and its conclusion will not be disturbed upon appeal unless it clearly appears that there has been an abuse of that discretion", citing *Murdoch vs. Elliot*, 77 Conn. 247, and 3, *Schouler, Wills, Executors & Administrators* (6th ed.) §1857.

The appellants have not alleged that they are aggrieved because of abuse of discretion by the probate court in decreeing their removal. No reason is assigned in the appeal for their grievance. The appellees move to erase the appeal on the ground that the appellants are not aggrieved by the decree.

As the court said in *Avery's Appeal*, 117 Conn. 201, at page 202: "The issue presented by the appeal to this court is whether a person removed as administrator....is 'aggrieved'

within §4990 by the decrees admitting the will to probate and revoking his appointment as administrator. One who has a pecuniary interest which the decree affects injuriously is within the statute." The court cited *Woodbury's Appeal,* 70 Conn. 455, 456; *Dickerson's Appeal,* 55 id. 223; and *Norton's Appeal,* 46 id. 527.

In *Norton's Appeal, supra,* the court said (at p. 528): "If the interest of the appellant already appears on the face of the proceedings in the probate court, it is sufficient, but otherwise it must be averred in the motion for the appeal. In this case the court finds 'that it does not appear in the motion for the appeal in the probate court, nor upon the face of the proceedings in that court, nor upon its records, that the appellant had or has any interest in, or was or is aggrieved by, the decree from which the appeal was taken.' This was a fatal omission and could not be remedied by any statement in the reasons of appeal. For these reasons the appeal was invalid, and the Superior Court properly ordered the case to be erased from the docket.

"No person has the right to appeal except a person aggrieved, and no person can be aggrieved within the meaning of the statute, unless he is interested in the estate, either as creditor, legatee or heir at law, or in some pecuniary manner. A grievance to his feelings of propriety or sense of justice is not such a grievance as gives him a right of appeal."

The *Norton* case has been cited with approval in *Woodbury's Appeal,* 70 Conn. 455, 456; *Williams vs. Cleaveland,* 76 id. 426, 430; *Averill vs. Lewis,* 106 id. 582, 589; *Avery's Appeal,* 117 id. 201, 202; *Spencer's Appeal,* 122 id. 327, 332; *Ekdahl vs. Wessman,* 127 id. 141, 144; and in *Disbrow's Appeal from Probate,* 9 Conn. Sup. 251, 252.

In many of these cases a motion to erase. has been referred to with approval.

The motion to erase is granted.