*In re* ESTATE OF TRANKLA.

VIELE *v.* SHIVEL

1. APPEAL AND ERROR—APPELLANT MUST HAVE INTEREST IN THE LITIGATION.

     An appellant must have a substantial interest in the subject-matter of the litigation in order to have any standing on appeal.

2. SAME—DEFINITION OF AGGRIEVED PARTY.

     In legal acceptation a party is aggrieved by a judgment or decree and entitled to appeal when it operates on his rights in property or bears directly upon his interest.

3. SAME—PARTIES ENTITLED TO APPEAL.

     To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency.

4. SAME—PROBATE COURT'S APPOINTEE AS COTRUSTEE—VACATION OF ORDER OF APPOINTMENT.

     A person who was appointed a cotrustee by the probate court to fill a vacancy and whose appointment was ordered vacated and another person substituted, had no such direct pecuniary interest in the subject-matter of the case as to constitute him an aggrieved person entitled to appeal from order vacating his appointment.

5. COSTS—TRUSTS—APPOINTMENT OF COTRUSTEE.

     No costs are allowed upon affirmance of judgment of circuit court vacating probate court's order appointing appellant as cotrustee under a testamentary trust.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am. Jur., Appeal and Error, § 150.
[2, 3] 2 Am. Jur., Appeal and Error, § 152.
[4] 2 Am. Jur., Appeal and Error, § 156.
[5] 14 Am. Jur., Costs, § 92.

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 8, 1948. (Docket No. 36, Calendar No. 44,045.) Decided June 14, 1948.

In the matter of the estate of Charles Trankla, deceased. Petition by Michigan National Bank and Charles Raymond Viele as surviving trustees under the will of Charles Trankla, deceased, for appointment of trustee. Roland M. Shivel appointed by probate court. Trustees appealed to circuit court. Order reversed and probate court ordered to appoint Michael Leonard. Roland M. Shivel appeals. Affirmed.

*Harrington, Waer & Cary,* for plaintiffs.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

BUTZEL, J. The Michigan National Bank, Charles Raymond Viele and Hattie E. Trankla were testamentary trustees under the will of Charles Trankla, who died in July, 1930, leaving a sizable estate. A vacancy in the trusteeship occurred upon the death of Hattie E. Trankla on January 30, 1947, whereupon the two surviving trustees petitioned the probate court for Kent county to appoint Michael Leonard of Grand Rapids as successor trustee. The petition set forth that Mr. Leonard had been a friend of the testator and of his family for many years and that petitioners had been advised by Carrie Trankla Viele and Edward Trankla, daughter and son respectively of the testator, that they desired the appointment of Mr. Leonard as successor trustee because of their friendly relationship with him and his ability as a businessman. The petition also set forth the following provision contained in a codicil to the testator's will:

"Fourth. In the event that a vacancy shall occur in the office of any one of the executors, executrix or trustees named in this will, a successor shall be appointed by the probate court for Kent county, and I request said court to give all due consideration to the wishes expressed by the immediate members of my family in that regard. The powers herein conferred upon my executors and executrix and trustees may be exercised by their successors in office, if any there be."

For personal reasons, the judge of probate asked an associate judge to act with him in appointing a successor trustee. A hearing was had on the petition at which, upon their own motion, the probate judges brought up the name of a leading member of the Grand Rapids bar as a candidate for the position. Upon being called before them, he stated that he had been acting as attorney for the estate for many years and was familiar with the matters involved in its administration, that he had previously declined to accept the nomination for appointment, that he did not consider himself a candidate for it, and that he was embarrassed by being asked by the court whether or not he would accept it. He further stated that, in spite of his desire not to be considered for the appointment, if the court saw fit to appoint him, he would accept. His entire attitude impresses us as being in character with the honorable reputation he enjoys among the members of the bar in his community.

No third person was recommended or discussed at the hearing. The matter was taken under advisement by the probate judges, and some time later, they appointed Roland M. Shivel, also a member of the Grand Rapids bar, as successor trustee. He has qualified as such and filed his bond. A timely appeal was taken to the circuit court by one of the surviving trustees and by the son and daughter of the testator.

At the outset, in all fairness to Mr. Shivel, it should be stated that he enjoys a well-deserved reputation for the highest integrity and for legal and business ability. He has had immeasurably large experience in administering estates. He did not seek the position.

At the hearing in the circuit court, it was shown that Mr. Leonard was a fully-qualified person to undertake the duties of trustee. The record does not contain a single word of criticism or reproach against him. The circuit judge, in no uncertain terms, stated that the action of the probate court was taken in total disregard of the prayer of the petition, the wishes of the immediate members of the testator's family, of the surviving trustees, and of the beneficiaries of the trust, of the expressed desire of the testator as set forth in his last will and testament, and without any just reason for so doing; that the order appointing Mr. Shivel was made capriciously and arbitrarily, and constituted an abuse of discretion by the probate judges.

The circuit court set aside the order appointing Mr. Shivel and remanded the case to the probate court with the direction that Mr. Leonard be appointed. Mr. Shivel has appealed in the belief that it is incumbent upon him to uphold the order of the probate court, and possibly also because he feels that there may be an erroneous impression created in the community that he is personally involved in the litigation. The action of the circuit judge is in no way any reflection on Mr. Shivel; on the contrary, he is referred to throughout the record in the highest terms of praise.

Many questions are raised on appeal. Only one, raised by appellee, needs discussion. Has appellant any such interest in the subject matter of this litigation as will entitle him to appeal?

"It is a cardinal principle, which applies alike to every person desiring to appeal, that he must have an interest in the subject-matter of the litigation. Otherwise he can have no standing to appeal." *Allen* v. *Soule,* 191 Mich. 194, 197.

"This Court, in the case of *Gorman* v. *Patrick Hirsch Co.,* 177 Mich. 382, 397, adopted the following proposition of law as applying to chancery appeals:

" 'An appeal can only be taken by parties who are affected by the decree appealed from; there must be some substantial rights of the parties to which the appeal would be prejudicial. * * * Van Zile's Equity Pleading and Practice, § 360, p. 494.' " *George Realty Co.* v. *Paragon Refining Co. of Michigan,* 282 Mich. 297, 300.

"In legal acceptation a party is aggrieved by a judgment or a decree when it operates on his rights in property or bears directly upon his interest." *In re More's Estate,* 179 Mich. 237, 244.

"To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency. This is the general rule." *In re Estate of Matt Miller,* 274 Mich. 190, 194.

In *Cairns* v. *Donahey,* 59 Wash. 130 (109 Pac. 334), the court dismissed the appeal of an administrator whose letters of administration were revoked by a decree admitting to probate a will of the decedent, saying:

"We fail to understand how the administrator has any interest in the subject-matter of this appeal, or how he is injuriously affected by the final order entered. He has no interest in the estate other than for compensation that may be due him."

See, also, *In re Avery,* 117 Conn. 201 (167 Atl. 544, 88 A.L.R. 1154), and *Hartford National Bank & Trust Co.* v. *Malcolm-Smith,* 129 Conn. 67 (26 Atl. [2d] 234, 140 A.L.R. 805). In the latter case, a trus-

tee was held not entitled to appeal from a decree removing him for alleged breach of trust.

We are of the opinion that the appellant has no such direct pecuniary interest in the subject-matter of this case as to constitute him an aggrieved person entitled to appeal. As this ruling is decisive, other questions raised by appellant become purely academic, and need not be discussed.

The judgment of the circuit court is affirmed, but without costs.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.