DANIEL POUZZNER, EXECUTOR v. MAY H. CHRISTESEN ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 73542

Memorandum filed January 18, 1950.

*Bernard P. Kopkind,* of New Haven, for the Plaintiff.

*James J. Daly,* of Bridgeport, for the Defendants.

O'SULLIVAN, J. The named defendant presented to the Probate Court for the district of New Haven an instrument purporting to be the last will and testament of Wallie H. Christesen, deceased, wherein the plaintiff was named as executor. Thereafter, at a legally held hearing, the instrument was proved and allowed. The plaintiff thereupon qualified as executor on November 18, 1949. On December 7, 1949, he appealed from the order approving the will, his purpose being to obtain a judgment in the Superior Court to the effect that his decedent was domiciled in New Haven at the date of his death—an essential finding, it should be noted, which the Probate Court had already made.

The defendant, Florence C. Cleary, has filed a plea in abatement alleging, among other reasons, that the plaintiff is not a person aggrieved by the decree of the Court of Probate.

The statute permits any person aggrieved by any order, denial or decree of a Court of Probate to appeal to the Superior Court. General Statutes § 7071. The persons who may be aggrieved

are those having a direct pecuniary interest in the matter. *Avery's Appeal,* 117 Conn. 201, 202. Furthermore, an executor may have a right of appeal when acting in his representative capacity for those whose financial interests will be affected. *Spencer's Appeal,* 122 Conn. 327, 331. But the appellant must be aggrieved, that is, the decree which he challenges must affect him adversely. Herein lies the flaw in the plaintiff's position. The will, of which he was the executor, was approved and admitted to probate on the ground, among other things, that the decedent last dwelt within the probate district of New Haven. His purpose in bringing the matter to this court is to obtain a judgment affirming this fact. He can obtain nothing further than that which the Probate Court has already passed upon and decided in his favor. He is not an aggrieved person.

The plea in abatement is sustained.