[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #101.5
The plaintiff appealed the Waterbury Probate Court's order and acceptance of the Fiduciary's account dated January 24, 1995 with regard to the Estate of Jewell Carson. On March 31, 1995, the plaintiff filed a Motion for Appeal from that January 24, 1995 Decree of the Probate Court, and requested a return date of June 13, 1995. The Probate Court permitted the "Appeal From Probate" by its decree of April 10, 1995. Service was made, but the matter was not returned to this court until June 12, 1995. Valerie Carson, an heir of the decedent, filed the Motion to Dismiss that is presently before this Court. The defendant Carson alleges that 1) the appeal was not taken within thirty days of the Probate Court's order pursuant to Connecticut General Statutes § 45a-187; 2) the matter was not returned to court timely under C.G.S. § 52-46a; and 3) this court lacks jurisdiction because the plaintiff appellant is not an aggrieved party.
A. Untimeliness of appeal
Section 45a-187 (a) of the Connecticut General Statutes provides that "An appeal . . . by those . . . who are present or who have legal notice to be present . . . shall be taken within thirty days." The plaintiff appealed from an order dated January 24, 1995. The movant Carson argues that the appeal period expired on or about February 24, 1995. The plaintiff's appeal is dated March 31, 1995. The plaintiff argues that an "oral" motion to appeal was made and granted at the March 16, 1995 hearing at the Probate Court. The order of the Probate Court does not verify the plaintiff's claim that the Probate Court extended the time for appeal. In addition, under Connecticut law, this Court may not take evidence to cure or overcome defects in the legal sufficiency of an appeal. Heiserv. Morgan Guaranty Trust Co., 150 Conn. 563, 566 (1963). This Court, in any event, may not consider the oral motion to appeal that the plaintiff argues was granted by the Probate Court on March 16, 1995. The Court's consideration of the legal insufficiency of the appeal is limited, in this case, to the date of the relevant order, January 24, 1995, and the date of the appeal to this Court, March 31, 1995. CT Page 12572-K
The fact that the appeal was not taken within 30 days of the Probate Court's order is not dispositive of the issue of the Court's jurisdiction. The appellant's failure to appeal within 30 days merely makes the appeal voidable should a defendant raise the issue to the appellate court. Heiser,150 Conn. at 566-67. The Heiser court further stated :
 "The statute of appeals is principally and primarily concerned with the rights of the parties rather than with the powers of the probate court. . . . In short, we think it more reasonable to hold the statute limiting the time for taking appeals from probate is a statute of limitations in the ordinary sense, and was intended primarily and principally to limit the right of the appellant and to protect the rights of the appellee, and not to limit directly and absolutely limit the power of the probate court to allow an appeal after the time has passed or to affect the jurisdiction of the Superior Court over an appeal, so allowed, if both objected to in the proper way and at a proper time."
Id. at 566-67 (quoting Orcutt's Appeal, 61 Conn. 378, 384).
Because there was a timely objection in this case, the Court has no alternative but to dismiss this appeal. In a recent Superior Court case involving similar facts to the instant matter, the court dismissed a probate appeal because it was not brought within thirty days of the decree from which it was appealed. See Nyack v. Estate of Anthony Airdo, Superior Court, Judicial District of New Haven at New Haven, Docket No. 326102, (March 3, 1992) (Fracasse, J.).
B. Untimeliness of Return of Service
The claim that the plaintiff failed to return the process in accordance with Section 52-46a of the Connecticut General Statutes is one which also has merit and also renders this appeal voidable. The plaintiff claims, in response to this argument that he inadvertently failed to pay the filing fee at the time the process was first given to the court on May 12, 1995. However, the fact remains that the court did not accept the process on that date, May 12, 1995. The process was not returned to court until June 13, 1995, when in fact the filing CT Page 12572-L fee and papers were filed with the court. The plaintiff admits that the process was not returned until one day prior to the return day and has filed an affidavit (Pleading #106) with this court with an explanation for the late filing. This affidavit is attached to the Motion For Appeal and the Summons which sets forth the return day of June 13, 1995. Unfortunately for the plaintiff, Connecticut General Statutes 52-46a provides that process in civil actions must be returned to court at least six days before the return day. Section 52-46a is mandatory and the failure to comply renders the proceeding voidable. Our Supreme Court has made it very clear that the late return of process is fatal. See Rogozinski v. American food Service EquipmentCorporation, 211 Conn. 431, 433 (1989). Because the defendant has brought the defective return of service into contest, the plaintiff's appeal may not survive the Motion to Dismiss.
C. Aggrievement
General Statutes Sec. 45a-186 provides that:
 any person aggrieved by any order . . . of a court of probate in any matter, unless otherwise specifically provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held.
Id. The defendant has argued that this Court lacks jurisdiction because the appellant/plaintiff was not aggrieved by any order of the Probate Court. This Court disagrees after a review of the plaintiff's reasons for appeal.
Paragraphs 3 and 4 of the Plaintiff's reasons for appeal do not allege aggrievement because each argument is a general interest claim. Paragraph 3 of the Reasons for Appeal alleges that Connecticut General Statutes 45a-447 (b) is "unconscionable and should be considered a serious disregard for public policy." Paragraph 3 also alleges that the statute "only serves to work a serious injustice upon the memory of Jewell Carson, her grieving loved ones and the consciences of law abiding citizens throughout the State of Connecticut." Paragraph 4 alleges that the Probate Court's interpretation of Sec. 45a-447 is improper and "works a serious injustice upon the memory of Mrs. Jewell Carson, her grieving loved ones and the consciences of law abiding citizens throughout the State of Connecticut." These reasons for appeal do not warrant serious discussion and CT Page 12572-M analysis because "aggrievement requires a showing that the plaintiff have a specific, person and legal interest in the subject matter of the decision and they be specially and injuriously affected in property or other legal rights as distinguished from general interest as members of the community."Glendenning v. Conservation Commission, 12 Conn. App. 47,50 (1987).
The plaintiff raised a more serious allegation in Paragraph 2; "[b]ased upon its finding that Valerie Carson was the sole heir of Jewell Carson's estate, prior distributions of monies made to the deceased's stepsons were found to be improper and the administrator, Attorney Herbert R. Scott, was ordered to restore said funds to the Estate". The Court will thoroughly analyze this allegation.
"There is no dispute about the established rule that appeals from Probate Court decisions are statutory appeals that ordinarily require the appellant to establish his interest and the nature of his aggrievement." Weill v. Lieberman, 195 Conn. 123,124-35, (1985). The test for aggrievement is as follows:
 In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected. . . . The issue of whether [a party] was aggrieved under Sec. 45-288 [now General Statutes Sec. 55a-186] by the actions of the Probate Court is to be distinguished from the question of whether, on a review of the merits, it will prevail. To examine the [issue of aggrievement] the two parts of aggrievement need to be considered: (1) the nature of the appellant's interest, and (2) the adverse effect, if any, of the probate Court's decision on that interest. . . .
(Citations omitted; internal quotation marks omitted.)Erisoty's Appeal from Probate, 216 Conn. 514, 519-20, (1990).
The January 24, 1995 Decree of the Probate Court included a finding that "[i]n as much as the Attorney [Scott] has made a distribution at his peril (and absent a redetermination that the distribution was proper), then Mr. Scott must be personally liable as Fiduciary on the Estate for restoration of the funds CT Page 12572-N improperly distributed." See Decree dated January 2, 1995, page 4.
It is true that the Probate Court did not order the plaintiff Scott to restore the moneys to the estate. However, such an order is beyond the jurisdiction of the Probate Court. As the Supreme Court noted regarding the effect of a final accounting in the Probate Court, "the probate proceedings could at most result in a determination of the money or property due the beneficiary, but if the trustee fails to pay or deliver in accordance with the decree, the beneficiary would then be forced to an action against him or upon his bond." Dettenborn v.Hartford-National Bank Trust Co., 121 Conn. 388, 393-94. In the present action, if Attorney Scott did not restore the moneys in accordance with the January 24, 1995 Decree, the beneficiary must then proceed upon the bond or against Attorney Scott personally.
In Avery's Appeal, 117 Conn. 201, 206, (1933), the court noted that an administrator could be aggrieved by "an order fixing his compensation for services up to the time of the revocation of his appointment as administrator or affecting thevalidity of his acts as such and which might involve personalliability therefore." (Emphasis added.) The Probate Court's finding has a strong possibility of involving personal liability. Therefore, the Court must find that Attorney Scott is aggrieved for the purposes of this appeal. See also Estate ofGertrude Tighe v. Probate, Judicial District of Stamford-Norwalk, at Stamford, Docket # 0130993 (April 4, 1994) (Karazin, J).
In accordance with the above discussion the plaintiff's appeal may not survive the Defendant's Motion to Dismiss. The defendant has properly raised two issues; the failure to file the appeal within the 30 day statutory period, and the plaintiff's untimely return of service. The Court hereby grants the Motion to Dismiss based on these two issues.
PELLEGRINO, J.