MEYER L. KRAVITZ v.
FREDERICK M. MCCARTHY, EXECUTOR ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 66976

Memorandum filed November 5, 1946.

*William L. Hadden, Harry P. Lander,* and *Edward L. Reynolds,* all of New Haven, for the Plaintiff.

*David M. Reilly* and *Robert B. Vining,* both of New Haven, *Harold E. Derby* and *William F. Healey,* both of Derby, for the Defendants.

CORNELL, J. Plaintiff appeals from a decree of the Probate Court for the district of Derby made on July 28, 1945, allowing and admitting to probate as the last will and testament of Royal W. Pinney an instrument bearing date of January 17, 1944. This is hereinafter referred to as "the later will." He claims to be aggrieved, because, as he alleges, the deceased had executed another writing on January 11, 1944, which is in reality the latter's last will and in which plaintiff is named as executor and also a beneficiary under the residuary clause. This is hereinafter designated "the earlier will." The appeal is taken by plaintiff in his capacity as a party having an interest as a beneficiary under such alleged earlier will. This is a sufficient allegation of aggrievement under the statute (General Statutes, § 4990) by authority of which the appeal is taken; *Spencer's Appeal,* 122 Conn. 327, 334; *Buckingham's Appeal,* 57 Conn. 544, 546.

To the appeal, pleas in abatement, identical in purport, have been filed by each of the defendants, Frederick M. McCarthy, as the qualified executor of the later will, the Griffin Hospital, and, as a group, Elizabeth Baker, Louise McManus and Charles Lee Pinney, all of whom are persons interested under the provisions of that instrument. These contend that for reasons dehors the record (*Palmer* v. *Reeves,* 120 Conn. 405, 409) plaintiff is not in fact aggrieved, notwithstanding that on the face of the proceedings he appears to be   To each of such pleas in abatement a demurrer has been filed, as a result of which the following facts alleged in them are for the present purposes deemed to be true: The later will was admitted to probate and the executor therein named (Fredrick M. McCarthy) confirmed by decree made on July 28, 1945. The person named as executor in the earlier will is the individual who as a residuary legatee under its provisions is the plaintiff in the instant proceeding. The plaintiff, prior to the testator's death, knew that he was named exectuor in the earlier will and learned of the decease of such testator within a few days after its occurrence. Yet, though he "filed and presented" such will to the Court of Probate. . . he had failed and refused "to exhibit such instrument for probate," at the time the later will was admitted, which was in excess of six months following the testator's demise. The claim of law underlying the pleas in abatement, upon the facts stated, appears to be that the failure of the executor to propound the earlier will violates the provisions of General Statutes, § 4886, and contravenes the declared public policy of this state to the effect that every legally executed will shall be established, "all of which conduct is . . . incompatible with {plaintiff's} claim of being an aggrieved person" . . . the more emphatically so because plaintiff is a "lawyer and member of the Bar of the State of Connecticut."

It is the undeniable policy of this state that the will of every deceased person shall be offered for probate. *Tator* v. *Valden,* 124 Conn. 96, 101. This derives from certain statutes which have from early days expressed the legislative intent in this respect. As they appear in the General Statutes, these are §§ 4881, 4882 and 4886. The first mentioned makes it a criminal offense to destroy or otherwise to suppress the will of any person; the second imposes the duty on anyone having possession of a will, upon obtaining knowledge of the death of its author, to deliver it within the period limited therein to the

executor named in the instrument or to the judge, clerk or assistant clerk of the Probate Court having jurisdiction. It constitutes neglect to do so a criminal offense. The third, according to its phraseology (§ 4886) subjects the person nominated as executor to a fine and imprisonment or both if, having knowledge of his appointment, he fails to "exhibit the will for probate" within thirty days next after the death of the testator. As noted supra, plaintiff was named executor and also as a beneficiary in the earlier will. Accordingly, upon the admission of the later will, he became eligible to the status of an aggrieved person entitled to appeal from the decree allowing and approving that instrument, as authorized by § 4990, both as the executor of the earlier will under a subsisting appointment (*Avery's Appeal,* 117 Conn. 201, 204, 88 A. L. R. 1154) and as a legatee or devisee under its provisions, even though such alleged will had not been offered for probate. *Buckingham's Appeal,* 57 Conn. 544, 546. Plaintiff elected to appeal from the admission of the later will only, however, in his capacity of one interested under the provisions of the earlier will and did not appeal as the named executor of that instrument. However, the plea in abatement is based on a statute (§ 4886) which is concerned entirely with the duty of an executor of the will of a deceased person. That this is so is clear from examination of its provisions.

The statute invoked by defendants (§ 4886) reads as follows: "Every executor having knowledge of his appointment shall, within thirty days next after the death of the testator, exhibit the will for probate to the court of probate of the district where the testator last dwelt; and every executor neglecting so to do shall be fined not more than one hundred dollars or imprisoned not more than thirty days or both." The counterpart of this section in the Revision of 1918 was § 4953, the pertinent portion of which provides: "Every executor having knowledge of his appointment shall, within thirty days next after the death of the testator, exhibit the will for probate . . . or present it and declare his refusal to accept the executorship . . ." As is evident from a comparison of § 4886 of the Revision of 1930 with § 4953 of the Revision of 1918, the former omits the alternative extended to the executor provided in the latter to "present" the will and renounce his appointment. As no act of the General Assembly was passed in the period between the 1918 Revision and that of 1930 amending § 4953 of the Revision of 1918, it is apparent that the change in con-

text in § 4886 supra must be attributed to the revisors. It is not, however, the purpose of a revision of the General Statutes to amend or otherwise alter the public acts but only to rearrange and codify them. No intent on the part of the legislature in adopting such a revision to change the statutory law as it was at the time the revision was made will be attributed to it. *Bassett* v. *City Bank & Trust Company,* 115 Conn. 393, 401. As there is nothing to indicate a legislative purpose to alter the effect of § 4953 of the Revision of 1918, § 4886 of the Revision of 1930 must be viewed as identical with it and is to be construed as if its phraseology were the same as that contained in § 4953 of the Revision of 1918, that is, as if it contained the words "or present it and declare his refusal to accept the executorship."

The statute (§ 4886) must be viewed as of a kind with §§ 4881 and 4882, the common objective of all of them being to insure that every will left by a deceased person shall be submitted to a proper Court of Probate for adjudication of its validity soon after the testator's decease. Section 4881 aims at discouraging suppression of a will and applies to everyone who may engage in such conduct; §§ 4882 and 4886 are concerned with preventing delay in the probate of wills. Section 4882 exerts its force upon anyone other than the named executor who has possession of a will by requiring that "forthwith," or at least within the period fixed therein after learning of the testator's decease, he shall deliver the instrument either to the executor or to the judge, clerk or assistant clerk of the Court of Probate having jurisdiction; § 4886 operates on persons named as executor in the will of a deceased person by requiring that within the time stated therein after the testator's demise, he "exhibit the will for probate" or present it in the proper court and renounce his appointment to the trust. It applies in all instances in which the appointed executor has possession of the will whether because the testator left it with him prior to his death or by reason of the circumstance that another who had it delivers it to him after the testator's decease pursuant to the direction contained in § 4882.

Construing § 4886 as it reads in § 4953, Revision of 1918, it conforms to the general law in that it recognizes that no person may be compelled to act as executor on the will of another against his desire or by mere force of the circumstance that the testator has nominated him to such office. *Matter of*

*Chapin,* 167 Misc. (N. Y.) 388, 390. His duty with respect to such will is made to conform to his decision in that regard. If he renounces the executorship, his obligation is fulfilled when he "presents" the will to the Court of Probate which has jurisdiction; if he does not do so, he is required to "exhibit the will for probate." " 'Probate' as applied to wills . . . relates to proving and establishing a will before the officer or tribunal having jurisdiction to determine its validity . . . To 'establish' a will is to make it the subject of such proof and finding as will entitle it to probate." 68 C. J. § 595, p. 873. When the appointment is not refused, "It is also the duty of the executor named in a will to present it for probate and endeavor to procure its admission." *Avery's Appeal,* supra, 203. *Tator* v. *Valden,* supra 100. To exhibit the will for probate, as that term is employed in the statute (§ 4886) means to deliver it to the proper Court of Probate, to make application for its admission and to take all steps necessary to establish it as the testator's last will and testament. The duty to "present" a will as that language is employed (according to the construction accorded § 4886, supra) in the same statute requires—as contradistinguished from the obligation to "exhibit the will for probate," that the named executor place it in the custody and control of the Court of Probate having jurisdiction. Whether upon acceptance of the executorship a will is exhibited for probate or upon renunciation thereof it is presented to the Court of Probate, the purpose of the statute is achieved. In the one case, proceedings for the establishment of the will are to be initiated and pursued by the executor appointed in the instrument; in the other, the presentation of the will to the Court of Probate makes it available for admission at the instance of any person interested under its provisions or in the testator's estate, whether as creditor or otherwise, and in any case to the judge of probate to inquire into and determine its validity upon his own initiative. See St. *Leger's Appeal,* 34 Conn. 434, 446.

Upon the foregoing conclusions, it is evident that the statute upon which the defendants' claims predicate applies only to the duties of persons named as executor in a will and would have pertinence here only if the appeal had been taken by plaintiff as executor of the earlier will. The recognition accorded the executor on a will or a trustee under its provisions as a person who may be aggrieved within the intendment of § 4990 is based on the theory that he represents persons who have in-

terests as beneficiaries. *Avery's Appeal,* supra, 202; see *Spencer's Appeal,* supra, 331; *Gillette's Appeal,* 82 Conn. 500, 501. Necessarily one named as executor in a will who refuses the appointment divests himself of such representative capacity and would not be a person aggrieved within the meaning of § 4990, entitled to appeal in that status from an order or decree of a Court of Probate affecting the validity of such testament. A renunciation may be implied from the conduct of the named executor. *Smith's Appeal,* 61 Conn. 420, 428. The fact here that the plaintiff did not offer the earlier will for probate does not, as a matter of law, establish his refusal, under all the circumstances, to accept the executorship of the earlier will. Nor, as already indicated, would it be of any materiality if it did; likewise, if it were clear that he had violated § 4886. For as noted supra, the plaintiff does not appeal in his representative capacity as executor on the earlier will, but as an individual beneficiary only. Since § 4886 applies exclusively to the duty of a named executor, any failure on his part to observe the provisions of the statute could have no possible effect, under the allegations of the pleas in abatement upon his status as an aggrieved person in· the instant appeal. Even if the appeal could be considered as one taken by plaintiff as executor of the earlier will and also as a beneficiary under the same, the result would be the same since the circumstance that plaintiff might not be aggrieved in a representative capacity would have no effect, in itself, upon his status as a person aggrieved as an individual within the conception of § 4990. *Spencer's Appeal,* supra, 334. These conclusions render unnecessary any discussion of the kindred questions argued since they are, without more, conclusive of the inefficacy of the pleas in abatement.

Each of the demurrers to each of the pleas in abatement is sustained on grounds 12, 14, 16 and 17 of part II thereof and overruled on all others.