******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

LANCE LAMBERTON ET AL. *v.* REARDEN
LAMBERTON ET AL.
(AC 42587)

Elgo, Bright and Flynn, Js.

*Syllabus*

The plaintiffs appealed to this court from the judgment of the Superior
Court, which affirmed the order of the Probate Court awarding the
defendant L, the nominated executor of the estate of the decedent, A,
legal fees incurred in the defense of A's will, pursuant to statute (§ 45a-
294). The plaintiffs, who are the son and grandson, respectively, of A,
objected to L's petition to admit A's will to probate. On appeal to this
court, the plaintiffs claimed that the Superior Court erred in finding that
a nominated executor in a will not yet admitted to probate has standing
to seek reimbursement of legal fees prior to being appointed executor
by the Probate Court and abused its discretion in awarding legal fees
prior to a hearing on the merits of an objection to the will submitted
to probate. *Held*:

1. The Superior Court properly found that L had standing as the nominated
   executor to request legal fees prior to the admission to probate of A's
   will: pursuant to § 45a-294, the Probate Court had jurisdiction to award
   an executor expenses incurred in defending a will, even if that will
   was not admitted to probate; moreover, the plaintiffs failed to identify
   precedential authority supporting their contention that an executor must
   be appointed by the Probate Court in order to have standing to seek
   reimbursement of legal fees, and the plaintiffs' suggestion that a nonap-
   pointment would strip the nominated executor of the right to seek
   reimbursement of fees would render the critical language of § 45a-294
   meaningless; furthermore, L had fiduciary duties both to file the will
   with the Probate Court and to endeavor to procure its admission and,
   thus, L's duties were not inferior to those of an executor appointed by
   the Probate Court.

2. The Superior Court did not abuse its discretion in awarding legal expenses
   to L in the amount awarded by the Probate Court; the plaintiffs failed
   to provide notice to the Superior Court, either in their stipulated facts
   or their reasons for the appeal, that they were challenging the amount
   of fees the Probate Court had issued, nor was the Superior Court
   apprised that the plaintiffs sought a de novo hearing on the reasonable-
   ness of such fees.

Argued January 8—officially released May 5, 2020

*Procedural History*

Appeal from an order of the Probate Court for the
district of Stamford awarding legal fees to the named
defendant, brought to the Superior Court in the judicial
district of Stamford-Norwalk and tried to the court,
*Hon. Kenneth Povodator*, judge trial referee; judgment
affirming the Probate Court's order, from which the
plaintiffs appealed to this court. *Affirmed.*

*Terence J. Gallagher*, with whom, on the brief, was
*Patrick L. Poeschl*, for the appellants (plaintiffs).

*Paul Greenan*, for the appellee (named defendant).

*Opinion*

FLYNN, J. The plaintiffs, Lance Lamberton and Roark Lamberton-Davies, appeal from the Superior Court's judgment in a de novo appeal from an order of the Probate Court for the district of Stamford awarding the defendant Rearden Lamberton,[1] the nominated executor,[2] legal fees incurred in the defense of a will in Probate Court, pursuant to General Statutes § 45a-294. The plaintiffs claim that the Superior Court (1) erroneously found that a nominated executor in a will not yet admitted to probate has standing to seek reimbursement of fees prior to being appointed as an executor by the Probate Court while a will contest is pending and (2) abused its discretion in awarding the fees prior to the conclusion of a hearing on the merits of an objection to the writing submitted to probate.

The Superior Court concluded that, "to the extent that the parties effectively were seeking a declaratory ruling as to the ability or standing of a [nominated] executor to seek interim reimbursement of expenses incurred in defending a will submitted to probate, prior to its admission to probate, and the ability of the [nominated] executor to seek an allowance against future expenses for that same purpose, all under the provisions of . . . § 45a-294, the court has determined that notwithstanding the ongoing nature of the proceeding, the [nominated] executor has standing and a right to seek such reimbursement on an interim basis." The court further found that "the [nominated] executor also has a right to seek an allowance against future expenses for that same purpose." The court also decided that "the plaintiffs either can be perceived to have conceded (not challenged) the issue of reasonableness, or can be deemed to have waived any claim of unreasonableness" of the legal fees awarded.

We conclude that the court properly decided that § 45a-294 permits the award of legal fees as a reasonable expense incurred by a nominated executor to defend a will prior to admission of the will to probate. We further conclude that, in light of the reasons for appeal to the Superior Court and the paucity of the stipulation of facts, the court properly decided that the plaintiffs waived or conceded the issue of their reasonableness.

The parties agreed to the following stipulation of undisputed facts for the purposes of appeal to the Superior Court from the decree of the Probate Court: "Adelle Lincoln Alessandroni died on December 23, 2016, and was domiciled in the [judicial] district of [Stamford-Norwalk] . . . at the time of her death. . . . [The defendant] is Adelle Alessandroni's grandson, and is the executor named in her will. . . . On or about January 6, 2017, The Greenan Law Firm, LLC, on behalf of [the defendant], filed a petition with the Stamford Probate Court to admit Adelle Alessandroni's will to probate.

. . . Lance Lamberton, who is the son of Adelle Alessandroni, objected to the will on various grounds. . . . Roark Lamberton-Davies, who is the son of Lance Lamberton and grandson of Adelle Alessandroni, also joined in making objections to the will. . . . Due to these objections, [Adelle] Alessandroni's will has not yet been admitted, and litigation remains ongoing. . . . No other wills have been submitted to the Probate Court. . . . On August 14, 2017, [the defendant], through counsel, filed a motion for payment of attorney's fees and costs associated with defending the will in the Probate Court. That motion was subsequently amended on September 12, 2017, to seek approval of $18,058 for all attorney's fees and costs to date. . . . On or about August 15, 2017, [the defendant], through counsel, also filed a motion for a trial retainer, seeking $35,000 to defend the will in the pending will contest. . . . On or about November 14, 2017, after a hearing that was not on the record, the Stamford Probate Court, *Fox, J.*, ordered the payment of $18,058 in attorney's fees and a $12,000 trial retainer to be paid to The Greenan Law Firm, LLC, from assets of the estate."

The following procedural history also is relevant to our analysis of this matter. On December 13, 2017, the plaintiffs appealed to the Superior Court from the probate order granting the fees. Because the Probate Court proceedings were not conducted on the record, the appeal to the Superior Court was held de novo.[3] On January 23, 2019, the court, *Hon. Kenneth Povodator*, judge trial referee, affirmed the Probate Court's order, awarding the defendant "$18,058 as reimbursement for legal expenses incurred between January 3, 2017 and September 12, 2017," and "$12,000 to be used as a retainer against future legal expenses to be incurred in pursuing admission of the will to probate, such sums to be paid out of the assets of the estate." The plaintiffs then filed this appeal to this court on February 11, 2019. We note that, at the time of this decision, the underlying will contest in the Probate Court is still ongoing.[4] A temporary administrator has been appointed by the Probate Court, for limited purposes, pending the outcome of some of these issues.

I

We first address the plaintiffs' claim that the court erred in holding that the defendant had standing to seek reimbursement of legal fees. They argue that, because the defendant had not yet been appointed as executor by the Probate Court, he did not have the right to seek payment of his legal fees pursuant to § 45a-294. We disagree.

A trial court's determination of whether a party has standing "is a conclusion of law that is subject to plenary review on appeal." (Internal quotation marks omitted.) *Heinonen* v. *Gupton*, 173 Conn. App. 54, 59, 162 A.3d 70, cert. denied, 327 Conn. 902, 169 A.3d 794 (2017).

"We conduct that plenary review, however, in light of the trial court's findings of fact, which we will not overturn unless they are clearly erroneous." (Internal quotation marks omitted.) Id. Additionally, the issues raised in this appeal necessarily involve statutory interpretation, for which our review also is plenary. See, e.g., *Ugrin* v. *Cheshire*, 307 Conn. 364, 379, 54 A.3d 532 (2012).

Resolution of the standing issue rests on the interpretation of § 45a-294, the statutory provision that provides for reimbursement of just and reasonable expenses in a will contest. Section 45a-294 (a) provides: The court of probate having jurisdiction of the testate estate of any person shall allow to the executor his just and reasonable expenses in defending the will of such person in the probate court, whether or not the will is admitted to probate." The parties disagree on how the term "executor" should be interpreted, as no statutory definition is provided either in subsection (a) of § 45a-294 or in any other surrounding, relevant statutory provision. The plaintiffs argue that a nominated executor of a contested will does not constitute an executor for purposes of the statute. The defendant, on the other hand, argues that the distinction between a nominated and a court-appointed executor is immaterial for purposes of the expense reimbursement statute. For the reasons that follow, we agree with the defendant.

Our Supreme Court has explained that "[t]he process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Fleet National Bank's Appeal from Probate*, 267 Conn. 229, 237–38, 837 A.2d 785 (2004). "A fundamental tenet of statutory construction is that statutes are to be construed to give effect to the apparent intention of the lawmaking body. . . . Where the words of a statute are clear, the task of a reviewing court is merely to apply the directive of the legislature since where the wording is plain, courts will not speculate as to any supposed intention because the question before a court then is not what the legislature actually intended but what intention it expressed by the words that it used. . . . When two constructions [of a term] are possible, courts will adopt the one which makes the statute effective and workable . . . . [Further, a] statute should be construed so that no word, phrase or clause will be rendered meaningless." (Citations omitted; internal

quotation marks omitted.) *Verrastro* v. *Sivertsen*, 188 Conn. 213, 220–21, 448 A.2d 1344 (1982). General Statutes § 1-2z instructs: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

The plaintiffs argue that the text of § 45a-294 creates a plain and unambiguous meaning of the term "executor" that requires that the individual officially be appointed by the Probate Court, and, when there is an objection to the will, such appointment can be made by the Probate Court only after fully considering that objection. Because the objection in this case had not yet been resolved, the plaintiffs argue that the defendant cannot be deemed an executor with standing to seek legal fees for purposes of § 45a-294. The plaintiffs fail to cite to any precedential authority, and we are unaware of any, that directly supports their contention that an executor must be appointed by the Probate Court in order to have standing to recover expenses. Because the term "executor" is not defined by the text of the statute itself, the plaintiffs urge us to ascertain the meaning of the term "executor" in light of related statutes, namely, those that invoke the role of a fiduciary.[5]

The plaintiffs rely on the definition of "fiduciary" set forth in other sections of title 45a of the General Statutes governing probate courts and procedure, including General Statutes §§ 45a-315 and 45a-340.[6] We do not presume that the plaintiffs are arguing that these statutes are invoked or are controlling here; instead, we interpret their argument to be that they should aid in the interpretation of the term "executor" in the context at issue in the present matter. The plaintiffs focus on the nature of the roles that are included within the definitions of a "fiduciary" for purposes of the other statutes—i.e., administrator of an estate, conservators, trustees—and suggest that, as compared to those other roles, that of a nominated executor falls short in the type of responsibilities involved. The plaintiffs, referring to those other fiduciaries, argue: "These people have all been authorized to protect a person or a fund. In turn, they are responsible to the Probate Court in an accounting or report. Here the nominated executor does not have that level of responsibility or accountability." The plaintiffs also look outside of the probate statutes and, citing General Statutes § 52-555, assert that "in other contexts, the definition of who may act on behalf of an estate has been very narrow and strictly applied." Essentially, the plaintiffs attempt to assert a policy argument that the defendant was not the type of individual whom § 45a-294 intended to protect. During oral argument before this court, the plaintiffs made clear their

position that, as a nominated executor, the defendant did not have the same fiduciary responsibilities as an appointed executor. We are not persuaded.

The plaintiffs highlight the possibility that, due to the objections pending in the Probate Court, the defendant may never be appointed as the executor of the estate. The plaintiffs fail to explain how this would deprive the defendant of the opportunity to invoke § 45a-294. The suggestion that a potential nonappointment would strip the nominated executor of his right to seek reimbursement of legal fees would render the critical portion of the statute—"whether or not the will is admitted to probate"—meaningless. The language of the statute explicitly provides that, even if the defense of the will is unsuccessful and the will is not admitted to probate, the nominated executor who defended the will, nonetheless, is entitled to reimbursement of legal fees. As the court succinctly wrote, "[t]he contingency [the plaintiffs] identify, then, is one specifically anticipated and addressed by the statutory language." We agree with the Superior Court's well reasoned analysis regarding this particular issue. "An executor can be appointed by the Probate Court only after the will designating that individual/entity as executor has been admitted to probate. Therefore, admission of the will is effectively a condition precedent to appointment of the executor. If there is a successful challenge to the will being admitted to probate, there never will be an executor appointed under the will. How then, can [t]he court of probate having jurisdiction of the testate estate of any person . . . allow to the executor his just and reasonable expenses in defending the will of such person in the Probate Court if the will is not (has never been) admitted to probate? Under the plaintiffs' analysis, such an 'executor' would never have standing because such individual would never have been appointed 'executor.' "

The plaintiffs' proposition also ignores the fact that, during the pendency of the proceedings, the defendant actively had been defending the will and expending the necessary legal fees in order to do so. The defendant argues that, as a nominated executor, he had a fiduciary duty to offer and to defend the decedent's will in the admissions process even though he was not yet officially appointed by the Probate Court. During questioning from the appellate panel, the plaintiffs presented an unpersuasive argument for why and how the defendant's role as a nominated executor differed from that of an individual who may have been appointed by the Probate Court as executor.[7] The plaintiffs made a general contention that a nominated executor may choose to decline the nomination and, therefore, not have any fiduciary responsibilities, but they failed to explain how—in circumstances like those before us, where the nominated individual has accepted the nomination and taken on the corresponding responsibilities of

defending the will—the nominated executor's responsibilities are inferior to those of an executor appointed by the Probate Court.

It is "the duty of the executor named in a will to present it for probate and endeavor to procure its admission, and this includes a right of appeal from a decision of the [c]ourt of [p]robate refusing to admit it; however, it is in no part of his duty to attack or take ground against its validity." *Avery's Appeal*, 117 Conn. 201, 203–204, 167 A. 544 (1933), citing *Belfield* v. *Booth*, 63 Conn. 299, 309, 27 A. 585 (1893). A person cannot be forced to "act as executor on the will of another against his desire or by mere force of the circumstance that the testator has nominated him to such office." *Kravitz* v. *McCarthy*, 14 Conn. Supp. 368, 372 (1946). If, however, he has possession of the will, a nominated executor must deliver it to the proper official of the court of probate within thirty days, even if he impliedly or expressly declines to serve as executor. See General Statutes §§ 45a-282 and 45a-283 (a).[8] If the nominated individual *is* willing to serve as the executor of the will in which he is named, he has a duty to "endeavor to procure its admission." *Avery's Appeal*, supra, 203; see also *Sokar's Appeal from Probate*, 7 Conn. Supp. 196, 197 (1939). Here, the defendant was named executor of the will by the decedent. He did not decline to act; he offered the will's admission to probate and has been actively pursuing its admission. We, therefore, reject the premise of the plaintiffs' argument that the defendant had no fiduciary duties and would have no such duties until and unless the will is admitted and the Probate Court specifically appoints him as executor. The defendant had duties imposed by statute and case law both to file the will with the Probate Court and to endeavor to procure its admission.

The plaintiffs also argue against the danger of prematurely awarding legal fees, because "[s]hould a nominated executor ultimately not become the executor due to the sustaining of an objection, there is no mechanism to recover any inadvisably advanced fees. The lack of such a mechanism is a further indication that the statutes contemplate the awarding of fees after the Probate Court hearing on the objection has been held." (Footnote omitted.) We are not convinced.

Section 45a-294 (a) expressly provides for reimbursement of expenses whether or not the will is admitted to probate. The statute reflects practical concerns. The alternative—to require the nominated individual to advance, out of his own funds, money for legal counsel for proceedings that could last months or years, as is the situation in the present case—is impractical. Section 45a-294 (a) provides that the court shall allow to the *executor* his just and reasonable expenses in defending the will in Probate Court. As the court stated: "Indeed, the very use of the term 'executor' in the statu-

tory language, applicable in the event of a successful challenge to the will under which that individual was [nominated] executor, necessarily means that the term 'executor' as used in this statute cannot mean only an individual duly appointed by the Probate Court as executor." This proposition is bolstered by the public policy concerns that are addressed by the statute.

A statute adopted by our legislature must be given effect according to its terms unless it yields absurd or unworkable results. See General Statutes § 1-2z. Because a nominated executor who is willing to accept appointment has certain fiduciary responsibilities to offer the will for probate and to defend the will in the probate process, we conclude that no absurdity results from a court order, pursuant to § 45a-294, granting reimbursement of necessary and reasonable expenses in defending the will in the admissions process. Nor is the statute unworkable because a temporary administrator has been appointed by the Probate Court who, upon receipt of the court order, could have authority to pay the sums authorized by the court. Therefore, we conclude that the court properly found that the defendant had standing as the nominated executor to request legal fees prior to admission to probate of the will nominating him.

II

We next address the plaintiffs' claim that the court improperly ordered the defendant's claim for legal fees paid in an amount found reasonable by the Probate Court. "It is well established that we review the trial court's decision to award attorney's fees for abuse of discretion. . . . Likewise, when we review a trial court's decision to award fees to an executor, administrator or trustee, [t]he test is, has the court exercised a reasonable discretion, or, in other words, is its exercise so unreasonable as to constitute an abuse of discretion. . . . This standard applies to the amount of fees awarded . . . and also to the trial court's determination of the factual predicate justifying the award. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did. . . . When determining whether the trial court used the appropriate legal standard, our review is plenary." (Citations omitted; internal quotation marks omitted.) *McGrath* v. *Gallant*, 143 Conn. App. 129, 135, 69 A.3d 968 (2013).

Certain additional facts are necessary for a proper understanding of this claim. The stipulation of facts before the court stated that, on August 14, 2017, the defendant, through counsel, filed a motion for payment

of legal fees and costs associated with defending the will in the Probate Court. That motion subsequently was amended to seek approval of $18,058 for all legal fees and costs incurred to date. On August 15, 2017, the defendant also filed a motion for a trial retainer seeking $35,000 to defend the will in the pending will contest. On or about November 14, 2017, after a hearing that was not conducted on the record, the Stamford Probate Court, *Fox, J.*, ordered the payment of $18,058 in legal fees already incurred and a $12,000 trial retainer to be paid to The Greenan Law Firm, LLC, from assets of the estate. The reasons for appeal filed pursuant to General Statutes § 45a-186[9] and Practice Book § 10-76[10] stated, in relevant part, that the Probate Court had disregarded the explicit requirement that only a fiduciary has standing to file a motion for reimbursement of attorney's fees or for a retainer. The appeal to the Superior Court then stated that the defendant was not a fiduciary and, as such, did not have standing to file a motion for legal fees. Further, it stated that "[i]t is very possible that, due to the objections pending in the Probate Court, [the defendant] may never be appointed as the executor of the estate" and, because he had not been named executor, he could not invoke § 45a-294 to seek reimbursement of fees. Nowhere in the reasons for appeal of the probate decree to the Superior Court is there any mention that the plaintiff sought to challenge the amount of the fees awarded by Judge Fox if the court were to decide that an award of fees before the will had been admitted to probate was proper.

The lack of reference to any challenge to the amount of the fees awarded by the Probate Court resulted in no notice to Judge Povodator that the amount of fees was at issue if he were to decide that an allowance of reasonable expenses in defending the will, including legal fees, could be issued to the nominated executor prior to the will having been admitted to probate and the nominated executor being appointed by the Probate Court. The concise stipulation of facts on which the probate appeal was heard de novo before the court mentioned only that the parties stipulated to the amount that Judge Fox had awarded in the probate proceeding. The reasons for appeal questioned only the defendant's standing to file a motion for legal fees, invoking § 45a-294. Judge Povodator stated in his memorandum of decision that "the reasons only relate to the legal issues identified, focusing on the propriety of addressing the issues and not how they were decided." The court went on to observe that it was "going to decide the case based on the manner [in which] it was presented, whereby the plaintiffs either can be perceived to have conceded (not challenged) the issue of reasonableness, or can be deemed to have waived any claim of unreasonableness."

On appeal to this court, for the first time, the plaintiffs, citing *McGrath* v. *Gallant*, supra, 143 Conn. App.

131, claim that, where there is no record made before the Probate Court, the Superior Court must apply factors set forth in *Hayward* v. *Plant*, 98 Conn. 374, 385, 119 A. 341 (1923), and make an independent reasonableness determination with regard to the result reached by the Probate Court. The plaintiffs claim that the Superior Court erred in awarding legal fees before conducting an evidentiary hearing on the merits upon an objection to the validity of the will. The plaintiffs argue that the Superior Court was required to make a determination that the fees were just and reasonable, which could not have occurred before the conclusion of such an evidentiary hearing.

This might be so, had the plaintiffs alerted the court *that the issue of the reasonableness of the award was a basis for the appeal*, but neither the stipulation of facts nor the reasons for appeal fairly alerted the court that the amounts awarded by the Probate Court were at issue. In response to a question from the appellate panel at oral argument, the plaintiffs' counsel stated, "we didn't object to the dollar amounts, and we still don't object to the dollar amounts." He then added that the basis of their objection was that the awarding of fees was made without an evidentiary basis from which the Superior Court could have concluded that they were just and reasonable.[11] After review of the stipulation and reasons for appeal filed with the Superior Court, we conclude that the court was not apprised that the reasonableness of the fees was at issue in the plaintiffs' appeal to the Superior Court or that a de novo hearing on the reasonableness of such fees was sought by the plaintiffs.

The court, therefore, did not abuse its discretion in awarding legal expenses in the amount awarded by the Probate Court, once it had determined that § 45a-294 permitted such an award to a nominated executor prior to a will being admitted to probate and the executor's formal appointment by the Probate Court.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Lance Lamberton, Roark Lamberton-Davies, Paul Greenan, and Sarah Ripegno also were named as defendants in the Superior Court. Rearden Lamberton, however, is the only defendant involved in this appeal. Accordingly, we refer to Rearden Lamberton as the defendant in this opinion.

[2] Although the Superior Court used the term "designated" to refer to the nomination of the executor, for consistency, we use the term "nominated" throughout this opinion.

[3] When an appeal is taken from a judgment of the Probate Court to the Superior Court, where there was no stenographic record in the Probate Court, it is heard de novo. See *Silverstein* v. *Laschever*, 113 Conn. App. 404, 409, 970 A.2d 123 (2009).

[4] In November, 2019, the defendant filed a motion with the Probate Court seeking additional legal fees incurred between September 12, 2017 and July 25, 2019; the Probate Court granted the defendant an additional $35,000. The plaintiffs, again, on December 11, 2019, appealed from the probate decree to the Superior Court. See *Lamberton* v. *Lamberton*, Superior Court, judicial district of Stamford-Norwalk, Docket No. FST-CV-20-6044866-S.

[5] Relying on § 39.1 of the Probate Court Rules, which states in relevant part that, "[o]n [a] motion [by] a fiduciary, the court may approve . . . a

proposed fee for services already rendered by the fiduciary or attorney," the plaintiffs argued in their appeal to the Superior Court that the Probate Court had disregarded the explicit requirement that only a fiduciary has standing to make a motion for reimbursement of attorney's fees or for a retainer, and the defendant was not a fiduciary for purposes of this rule. As the court properly noted, however, the Probate Court Rules are not binding on the Superior Court. See Probate Court Rules § 2.2 (b) ("[t]he rules do not apply to appeals from probate in the Superior Court, matters transferred from a Probate Court to the Superior COurt or any other probate matter in the Superior Court"). On appeal, it is unclear whether the plaintiffs are arguing that § 39.1 of the Probate Court rules was implicated at the Superior Court level and/or whether interpretation of the rule is relevant to our decision in this matter. To the extent that the plaintiffs are arguing that the rule is authoritative on the issue of standing, we disagree and decline to address any arguments directed to the substantive application of the rule (e.g., the court's ejusdem generis analysis). We do recognize, however, a potential argument that the rule, in concert with various statutes that define the role of a fiduciary, is suggestive of, or aids in, the proper interpretation of the term "executor" as used in § 45a-294.

[6] General Statutes § 45a-315 provides in relevant part: "As used in sections 45a-129, 45a-205, 45a-242 to 45a-244, inclusive, 45a-273 to 45a-276, inclusive, 45a-315 to 45a-318, inclusive, and 45a-320 to 45a-334, inclusive . . . 'fiduciary' includes the executor or administrator of a decedent's estate."

General Statutes § 45a-340 provides: "As used in sections 45a-340 to 45a-347, inclusive, 'fiduciary' includes the executor or administrator of a decedent's estate."

[7] The following colloquy took place during oral argument before this court:

"[The Plaintiffs' Counsel]: So, in terms of going forward with the fiduciary duties of a nominee, the nominee doesn't have the same sort of requirement to gather and manage an account . . . to the Probate Court like other trustees, like an administrator, an executor, trustee, a guardian, [or] a conservator.

"Judge Bright: Would you acknowledge, though, that the nominee does have some fiduciary duties?

"[The Plaintiffs' Counsel]: I would say that the nominee's duty is to propound the will, to take the writing to the Probate Court for probate.

"Judge Bright: What about the handling of the assets until the will is admitted to probate?

"[The Plaintiffs' Counsel]: They have no role. In fact, as Judge Povodator found there is a temporary administrator in this case.

"Judge Bright: Yes, but the temporary administrator had to be appointed. So until the temporary administrator is appointed, from the death of the decedent until the appointment of the temporary administrator, are you saying the nominee has no fiduciary duty?

"[The Plaintiffs' Counsel]: If there is an objection, then they have no role in the management of the assets.

"Judge Bright: Before an objection is made. Before an objection is made, from the time [of] death until anything happens in the Probate Court, is it your position that that nominee has no fiduciary duty?

"[The Plaintiffs' Counsel]: Yes.

"Judge Elgo: Do they have no duty to secure an attorney at all?

"[The Plaintiffs' Counsel]: To secure an attorney? No, they do not have a duty to secure an attorney. In fact, many nominees decline to serve. It's not unheard of.

"Judge Flynn: So, what do you see as the function of someone named in the will as executor, can they simply walk away from any obligation to support the admission of the will?

"[The Plaintiffs' Counsel]: They can and in some cases they do. The nominee is someone who is set forth in a writing. There may be a successor nominee, the court could ultimately determine that there is no written will, and, despite whatever writing is propounded by a nominee, and appoint an administrator. There are innumerable ways that this can turn out."

[8] General Statutes § 45a-282 makes it a crime for any person to fail to deliver a will or codicil in his possession "forthwith, after he has knowledge of the death of the testator, . . . either to the person designated to be the executor or one of the persons designated to be an executor thereof, or to the judge, clerk or assistant clerk of the court of probate which by law has jurisdiction of the estate of such deceased person."

Additionally, General Statutes § 45a-283 (a) provides that "[e]very person having knowledge of his designation in a will as an executor of a testator's

estate shall, within thirty days next after the death of the testator, apply for probate of the will to the court of probate of the district where the testator was domiciled at his death.'' Subsection (b) also provides that a fine of not more than $200 shall be imposed for failure to do so. General Statutes § 45a-283 (b).

[9] General Statutes § 45a-186 (a) provides in relevant part that "any person aggrieved by any order, denial or decree of a Probate Court in any matter . . . may . . . appeal therefrom to the Superior Court. Such an appeal shall be commenced by filing a complaint . . . . The complaint shall state the reasons for the appeal. . . .''

[10] Practice Book § 10-76 (a) provides in relevant part: "Unless otherwise ordered, in all appeals from probate the appellant shall file reasons of appeal . . . .''

[11] We recognize that this claim also could be interpreted as, effectively, an extension of the plaintiffs' first claim, challenging both the timing of and the award of legal fees. The plaintiffs' first claim was premised on the notion that the court prematurely awarded the fees to the defendant, who had not yet been named an executor. Here, the plaintiffs effectively are arguing another ground upon which the court's award was premature, namely, that, without the evidentiary hearing on the objection, the executor's legitimacy cannot be determined. In their brief, the plaintiffs contend that "[t]he existence of an objection . . . should weigh heavily in the decision as to the appropriateness and the 'just and reasonable' fees of an unsuccessful nominated executor. Here, the Probate Court and the objectant are not yet in a position to determine if the position of one of the parties is frivolous or not.'' The plaintiffs seem to suggest through their line of reasoning that, if the defendant ultimately is not appointed as executor, his efforts in defending the will throughout the probate process could not be deemed just and reasonable, or, at the very least, should be greatly reduced. Accordingly, the plaintiffs argue, legal fees should not be awarded until after the objection is heard and a determination is made as to whether the appointment of the executor is valid.

This argument implicates the same concerns addressed in part I of this opinion and warrants the same analysis. Therefore, to the extent that the plaintiffs merely are challenging the timing of the award, we conclude that the court did not abuse its discretion in granting the defendant's motion for legal fees before the conclusion of the evidentiary hearing.

————————————————